**Damien JOHNSON, Petitioner–Appellant,**

v.

**Les BLANKS, Warden, Respondent–Appellee.**

No. 03–56295.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 2, 2004.

Decided Nov. 15, 2004.

Lynette A. Moore, Esq., Lynette A. Moore Law Offices, Acton, CA, for Petitioner–Appellant.

Russell A. Lehman, AAG, Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: CANBY, HANSEN,* and RAWLINSON, Circuit Judges.

## MEMORANDUM **

Damien Johnson filed a 28 U.S.C. § 2254 (2000) petition for a writ of habeas corpus, arguing that the Fourteenth Amendment's Equal Protection Clause was violated when a state prosecutor used peremptory challenges to excuse two prospective male jurors solely because of their gender. Because the state court's resolution is neither contrary to nor an unreasonable application of clearly established federal law as determined by the United States Supreme Court, we affirm the judgment of the district court denying the motion.

In April 2001, Johnson was convicted in California state court of willfully inflicting corporal injury on his former live-in girlfriend, under Cal.Penal Code § 273.5(a) (West 1999). During jury selection, Johnson made a motion objecting to the prosecutor's use of peremptory challenges to remove two male jurors. Johnson's motion was made pursuant to *People v. Wheeler*, 22 Cal.3d 258, 148 Cal.Rptr. 890, 583 P.2d 748 (Ca.1978), the California state case procedurally analogous to *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). The trial court rejected the *Wheeler* motion. The state court of appeal affirmed, and the Supreme Court of California denied a petition for review.

In April 2003, Johnson filed his § 2254 petition for habeas corpus in federal court, again arguing that the prosecutor's use of peremptory challenges violated the Equal

---

\* The Honorable David R. Hansen, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Protection Clause. *See Batson*, 476 U.S. at 84, 106 S.Ct. 1712 (holding that racially discriminatory use of peremptory challenges violates the Equal Protection Clause of the Fourteenth Amendment); *J.E.B. v. Alabama*, 511 U.S. 127, 130–31, 114 S.Ct. 1419, 128 L.Ed.2d 89 (1994) (holding that gender-based peremptory challenges also violate the Fourteenth Amendment). Basing its decision on the magistrate judge's report and recommendation, the district court denied the petition. This court reviews de novo a district court decision denying a petition for a writ of habeas corpus. *Wade v. Terhune*, 202 F.3d 1190, 1194 (9th Cir.2000).

The Antiterrorism & Effective Death Penalty Act of 1996 ("AEDPA") governs our standard of review of the state court decision. "Under AEDPA, [this court] may only disturb a state court's determinations of law if they were 'contrary to' or 'involved an unreasonable application of' clearly established federal law as determined by the United States Supreme Court." *Wade*, 202 F.3d at 1195 (citations omitted). Generally, this court "review[s] the state trial court's fact-specific determination of whether a defendant has made a prima facie case of a *Batson* violation deferentially, with AEDPA's statutory presumption of correctness." (internal marks and citation omitted).

In order to make a prima facie showing, Johnson was required to establish that (1) the prospective juror who was removed is a member of the cognizable group (men); (2) the prosecution used a peremptory challenge to remove the juror; and (3) the facts and relevant circumstances raise an inference that the challenge was motivated by gender. *Cooperwood v. Cambra*, 245 F.3d 1042, 1045–46 (9th Cir.2001). The California state courts held, and the district court agreed, that Johnson did not make a prima facie showing because he did not introduce facts or circumstances sufficient to raise a reasonable inference that the prosecutor's use of peremptory challenges was motivated by gender discrimination.

Applying *Wheeler*, the California appellate court stated that, in order to make a prima facie case, Johnson was required to demonstrate a "strong likelihood" that jurors were challenged because of illegal gender discrimination. *Wheeler*, 148 Cal. Rptr. 890, 583 P.2d at 764. Because the "strong likelihood" phrasing is different from the "reasonable inference" language used in *Batson*, Johnson argues that the state court employed the wrong legal standard, and, thus, this court should review de novo. *See Cooperwood*, 245 F.3d at 1046. Because we conclude that Johnson's argument fails under either standard of review, we need not parse the differences, if any, between them.

Johnson's *Wheeler / Batson* challenge was based on three facts: (1) there were 14 women and 3 men in the jury box; (2) the prosecutor used 2 out of 5 peremptory challenges to excuse male jurors; and (3) the nature of the case was domestic violence, man against woman. He argues that the use of peremptory strikes in these circumstances raised an inference of gender discrimination. We disagree. Although "a defendant can make a prima facie showing based on statistical disparities alone," *Paulino v. Castro*, 371 F.3d 1083, 1091 (9th Cir.2004) (citation omitted); *see also Williams v. Woodford*, 306 F.3d 665, 682 (9th Cir.2002); "[t]here is no magic number of challenged jurors which" automatically establishes a prima facie case of discrimination, *United States v. Chinchilla*, 874 F.2d 695, 698 (9th Cir.1989). Overall, when deciding whether a petitioner has made a prima facie showing, the trial court must consider the totality of the circumstances. *Id.; Tolbert v. Gomez*, 190 F.3d 985, 988 (9th Cir.1999). In this case,

considering the totality of the circumstances, it is clear that the state court decision was not contrary to or an unreasonable application of federal law as determined by the United States Supreme Court. *See Williams*, 306 F.3d at 681–82 (holding that a petitioner did not make a prima facie showing of illegal discrimination because the petitioner needed to "point to more facts than the number of African–Americans struck" in order to establish a pattern of strikes supporting an inference of discrimination). Johnson failed to set out sufficient facts to establish a prima facie case because he failed to allege facts that would permit a meaningful statistical comparison. Johnson did not allege which of the excused jurors were men. He did not allege how many men had been in the jury pool, and therefore he gave no basis upon which the court might find that a disparity existed between the number of men in the jury pool and the number of men removed through the use of peremptory challenges. Furthermore, although it found that the factual allegations were insufficient, the state trial court also observed that the next alternate was a man and that there were men remaining in the larger jury pool.

We also hold that it was not contrary to or an unreasonable application of federal law for the state court to decline to draw comparisons between the male jurors struck and the female jurors who remained on the panel. While this circuit has held that "[a] comparative analysis of jurors struck and those remaining is a well-established tool for exploring the possibility that facially [neutral] reasons are a pretext for discrimination," *Turner v. Marshall*, 121 F.3d 1248, 1251–52 (9th Cir.1997); *see also Lewis v. Lewis*, 321 F.3d 824, 830–31 (9th Cir.2003), the court has also recognized a

conflict between the practice of the Supreme Court of California and the Ninth Circuit on this issue. *See Burks v. Borg*, 27 F.3d 1424, 1427 (9th Cir.1994). Nevertheless, Johnson's argument fails because the cases in which this court has held that the California court's practice of declining to make juror comparisons for the first time on appeal is contrary to federal law have been cases in which the courts have reached steps two and three of the *Wheeler / Batson* analysis. *See Turner*, 121 F.3d at 1250; *Lewis*, 321 F.3d at 830; *Burks*, 27 F.3d at 1427. In this case, the trial court held that there was no prima facie case, which, because we agree, obviates any further analysis.

For the reasons adumbrated above, we affirm the judgment of the district court.

AFFIRMED.

